DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SARA E. GRISWOLD (CABN 240326)
KAREN BEAUSEY (CABN 155258)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: 408.535.5061
    FAX: 408.535.5066
    sarah.griswold@usdoj.gov
    karen.beausey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-0075 BLF |
| Plaintiff, | **APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| COLLIN RILEY HOWARD, | |
| Defendant. | |

      The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully submits this Application of the United States for a Preliminary Order of Forfeiture. The property subject to the proposed Preliminary Order of Forfeiture is property seized in the investigation as follows:

      a.  Apple MacBook Pro laptop, serial number C02X32LGJGH6;

      b.  Apple MacBook Air laptop, model number A1466, serial number C02J2190DRVF;

      c.  Apple iPhone X, IMEI number 356727087297808, and

      d. Digital scale, [1]

(hereinafter "the subject property"); and

      e. A forfeiture money judgment in the amount of $456.00,

(hereinafter "the Forfeiture Money Judgment").

In support thereof, the United States sets forth the following:

On February 14, 2019, defendant Collin Riley Howard was charged by Indictment with violations of Title 21, United States Code, Section 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) (Four Counts). The Indictment also sought criminal forfeiture, pursuant to Title 21, United States Code, Section 853 (Drug Forfeiture) of the following property:

    a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense or offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense or offenses.

    b) a money judgment equal to the total gross proceeds obtained by the defendant as a result of the offenses.

On June 8, 2020, defendant Collin Riley Howard pled guilty to Counts One, Two, Three and Four of the Indictment, namely, Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) (Distribution and Possession with Intent to Distribute Cocaine) (Count One); Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) (Distribution and Possession with Intent to Distribute Methamphetamine) (Count Two); Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii) (Distribution and Possession with Intent to Distribute Methamphetamine) (Count Three), and Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii) (Possession with Intent to Distribute Methamphetamine) (Count Four), and agreed to forfeit, to the United States, the following property:

    a) Apple MacBook Pro laptop, serial number C02X32LGJGH6;

    b) Five USB storage devices; [2]

---

[1] ICE, the seizing agency, has informed the government that in addition to electronics, a digital scale was seized in the investigation. Accordingly, the government seeks to forfeit the digital scale with this Application.

[2] ICE, the seizing agency, has informed the government that the five USB storage devices will be returned to the defendant. Accordingly, the government does not seek to forfeit the storage devices with this Application.

c) Apple MacBook Air laptop, model number A1466, serial number C02J2190DRVF;

d) Apple iPhone X, IMEI number 356727087297808.

Defendant further admitted that the subject property was involved in the offenses, and thus subject to forfeiture pursuant to Title 21, United States Code, Section 853, and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853.

Defendant further agreed that the Court enter a Forfeiture Money Judgment in the amount of $456.00. Defendant further admitted that the Forfeiture Money Judgment constitutes proceeds from Counts One, Two, and Three of the Indictment, and thus subject to forfeiture pursuant to Title 21, United States Code, Section 853, and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to

commence proceedings that comply with any statutes governing third-party rights.

Rule 32.2(b)(4) further provides that at sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

The United States has established the requisite nexus between the subject property and the offenses to which the defendant admitted because the defendant admitted in his plea agreement that the subject property was involved in the offenses, and the Forfeiture Money Judgment constitutes proceeds from the offenses. Accordingly, the subject property and Forfeiture Money Judgment are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 853.

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government website, for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Sara E. Griswold, Assistant United States Attorney, 150 Almaden Boulevard, Suite 900, San Jose, CA 95113 and/or Karen Beausey, Assistant United States Attorney, 450 Golden Gate Ave., Box 36055, San Francisco, CA 94102, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture which provides for the following:

1      a.    entry of a Forfeiture Money Judgment in the amount of 456.00;

2      b.    authorizes the forfeiture of the subject property to the United States;

3      b.    directs the United States, through its appropriate agency, to seize the forfeited property forthwith;

     c.    authorizes the government to conduct discovery in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

     d.    directs the United States to publish on a government website for at least thirty days, notice of this Order, notice of the government's intent to dispose of the subject property in such manner as the Attorney General may direct and provide notice that any person, other than the defendants, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

     e.    provides that the Court to retain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: September 24, 2020                               Respectfully submitted,

                                                      DAVID L. ANDERSON
                                                      United States Attorney

                                                      _____
                                                      KAREN BEAUSEY
                                                      Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee if the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of the following documents:

- **APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE; and**

- **[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

to be served this date via Electronic Case Filing Notification System upon the person(s) below at the place and address which is the last known address:

| Severa Keith, Esq.<br>Federal Public Defender<br>55 South Market St. Suite 820<br>San Jose, CA 95113<br>(Counsel for HOWARD) | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 25th day of September, 2020, at San Francisco, California.

                                                        __/s/ Brenda Lukaitis_____
                                                        BRENDA LUKAITIS
                                                        FSA Paralegal III/Asset Forfeiture Unit