JODI LINKER
Federal Public Defender
Northern District of California
SEVERA KEITH
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Severa_Keith@fd.org

Counsel for Defendant Howard

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 19–00075 EJD |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM** |
| v. | Court: Courtroom 4, 5th Floor |
| COLLIN HOWARD, | Hearing Date: October 3, 2022 |
| Defendant. | Hearing Time: 1:30 p.m. |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Collin Howard submits the following memorandum in support of his request for a sentence Time-Served and three years of Supervised Release. This sentence is a variance from the United Sates Sentencing Guidelines, and lower than Probation's Sentencing Recommendation. However, as set forth in this Memorandum, the requested sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing that are set forth in 18 U.S.C § 3553.

## I.  PLEA AND ADVISORY GUIDELINE RANGE

Mr. Howard was convicted on his pleas of guilty to Counts One through Four, which charged Distribution and Possession with Intent to Distribute Cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Distribution and Possession with Intent to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Distribution and Possession with Intent to Distribute Methamphetamine 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); and Possession with Intent to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), respectively. (PSR at pp.1-2).  These charges arose from narcotics transactions that Mr. Howard conducted with undercover federal agents when he was 18 years-old and a freshman at U.C. Santa Cruz.

Mr. Howard does not dispute the Offense and Criminal History Levels, as determined by Probation, nor the facts underlying the offense, as set forth in the Presentence Investigation Report ("PSR"); however, for reasons set forth below, does the defense request that the Court sentence Mr. Howard to a Sentence of Time-Served, with a period of home confinement and other fitting conditions, such as community service.  Mr. Howard respectfully asserts that there are significant circumstances underlying the conviction which justify a substantial downward variance and mitigated sentence, pursuant to 18 U.S.C. § 3553(a).

## II.  FACTUAL BACKGROUND

Mr. Howard is 22 years-old.  At the time he committed the instant offense, he was a teenager, who had just turned 18.  He had been emotionally isolated from his family for years, and he did not know how to cope with the pain that this emotional abandonment caused him.  (PSR ¶ 19)  His relationship with his parents was "surface-level," and he did not get the support he needed to cope with the emotions he felt. (PSR ¶¶ 43, 48-49)  He turned to heavy drinking to numb these feelings, but this

did not help.  Mr. Howard attempted suicide on June 1, 2018, just about a month before his 18th birthday, by planning to drive his parents' car off a cliff. (Exhibit to be separately filed under seal)

It was this troubled teenager who created the "Banana Plug" App.  This App was first noticed on October 28, 2018, by UCSC Resident Assistants, who contacted law enforcement.  (PSR ¶ 8-9)  Mr. Howard had hung posters around the campus that advertised the illegal drugs and alcohol that were attainable via the App.

Mr. Howard was not hard to apprehend.  Officers downloaded the App and contacted Mr. Howard the next day.  Mr. Howard sold drugs to law enforcement on three occasions before he was arrested on November 28, 2018.  This brazen enterprise is highly indicative of how self-destructive and hopeless Mr. Howard felt during that time.

Since that time, Mr. Howard has made impressive strides.  He has been sober for over three years, (PSR ¶ 54) he has enrolled himself in Santa Rosa Community college, with the goal of transferring to a University of California or a Cal State university in the fall of 2023. (Exhibit A) He is self-sufficient, working full-time, and he has a stable home.  Most importantly, he is taking care of his health by exercising and reading books pertaining to mental health, so that he can do all he can to stay healthy.  When Pretrial's contracted provider shut down, he took the initiative to find an affordable online mental health provider, and he continues his mental health treatment twice a month. (PSR ¶ 48)

Perhaps the most important aspect of his rehabilitation is the community that he has built with others.  As the Letters in Support make clear, Mr. Howard has a supportive and positive community, and he is forming relationships with people who care about him and are superb role models.  Additionally, he is invested in his community and proud that he can share his computer skills to help others. (Exhibits B – H)

### III.     A SENTENCE OF TIME-SERVED, WITH A PERIOD OF HOME CONFINEMENT, IS ADEQUATE TO SATISFY THE GOALS OF 18 U.S.C. § 3553(a)

In this case, Mr. Howard has clearly accepted responsibility. 18 U.S.C. § 3553(a) factors clearly indicate that a substantial variance from the guidelines is appropriate. Mr. Howard should receive a sentence of Time-Served, three years of Supervised Release, with a period of home confinement.

The Sentencing Reform Act, which, as mandated by *United States v. Booker*, 543 U.S. 220 (2005), now guides federal judges in their selection of a sentence, and directs the courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph (2)"

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the offense under the Guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Thus, the Guidelines range for the offense is but one of ten factors specified under the Sentencing Act.

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *Gall v. U.S.*, 552 U.S. 38, 49 n.6 (2007).

The *Gall* Court, which considered a case that is factually similar to Mr. Howard's case, considered the defendant's rehabilitation, community connections, lack of further criminal activity, and efforts to better himself when affirming a sentence that was a non-custodial, substantial variance from the Guidelines.  There, the lower court found that "imprisonment would be counter effective by depriving society of the contributions of the Defendant, who, the Court has found, understands the consequences of his criminal conduct and is doing everything in his new power to forge a new life." *Id.* at 44.

In this matter, it is clear that Mr. Howard was a short-term drug dealer, whose impetus was self-harm.  Mr. Howard had no prior criminal history, (PSR ¶ 35) and no dangerous weapons.  He had not been on law-enforcement's radar, because this conduct was an extreme aberration from his usual law-abiding conduct.  His alcohol addiction and mental health drove the decisions that resulted in the crime to which he has pled guilty.  Since that time, he has rehabilitated completely.

Similar to *Gall*, this Court should give considerable credit to defendant's post-arrest rehabilitation, strong community support, and significant efforts to engage in activities that prevent recidivism.  Additionally, no goals of sentencing would be furthered by the incarceration of Mr. Howard.  Mr. Howard has performed well on pretrial release, by setting goals, working, obtaining a job, and engaging in counseling.  Mr. Howard and the public will benefit from Mr. Howard's continued supervision, where he can continue to engage in mental health counseling and substance abuse counseling.

**IV.     COLLIN HOWARD'S YOUTH IS A SIGNIFICANT MITIGATING FACTOR.**

The crime at issue here appears to be an impetuous crime.  A clear mitigating factor in this case is defendant's age and immaturity, which are exacerbated by lack of guidance and support during his adolescent years.

Courts universally recognize that youthful offenders are less culpable that mature offenders:

> The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable, or public service are not ordinarily considered under the Guidelines. These are, however, matters that § 3553(a) authorizes the sentencing judge to consider. *See, e.g.,* 18 U.S.C. § 3553(a)(1). As such, they are factors that an appellate court must consider under *Booker's* abuse-of-discretion standard.

*Rita v. United States,* 551 U.S. 338, 364-65 (2007). "Immaturity at the time of the offense conduct is not an inconsequential consideration. Recent studies on the development of the human brain conclude that human brain development may not become complete until the age of twenty-five . . . [T]he recent [NIH] report confirms that there is no bold line demarcating at what age a person reaches full maturity. While age does not excuse behavior, a sentencing court should account for age when inquiring into the conduct of the defendant." *See Gall*, 552 U.S. 58 (quoting sentencing court). "Today our society views juveniles, in the words *Atkins* used respecting the mentally retarded, as categorically less culpable than the average criminal. . . . A lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young. These qualities often result in impetuous and ill-considered actions and decisions. . . . The susceptibility of juveniles to immature and irresponsible behavior means their irresponsible conduct is not as morally reprehensible as that of an adult . . . . The relevance of youth as a mitigating factor derives from the fact that the signature qualities of youth are transient; as individuals mature, the impetuousness and recklessness that may dominate in younger years can subside." *Roper v. Simmons*, 543 U.S. 551, 567 (2005).

Here, Mr. Howard was only 18 years-old when he committed this offense. While he did not suffer abuse in his family, he lacked emotional support that is so important for a child's development and his ability to make good choices. Fortunately, as Mr. Howard has advanced in life, he has positive plans for his future that he has already begun to realize. No goal of sentencing will be achieved by imprisonment. The Court should follow the *Gall* Court, grant a variance from the Guidelines, and sentence Mr. Howard to three years of Supervised Release, with a period of home confinement. This sentence will satisfy the goals of 3553(a).

//
//
//

## CONCLUSION

Based on the above, Mr. Howard respectfully requests that this Court sentence him three years of Supervised Release, with a period of home confinement, waiver of any fine, and a Special Assessment of $100.00 per count.

Dated:    September 28, 2022

          JODI LINKER
          Federal Public Defender
          Northern District of California

          /S
          SEVERA KEITH
          Assistant Federal Public Defender